**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| QUOTEZ JONES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-02855-TLP-atc |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, DISMISSING MOTION UNDER 28 U.S.C. § 2255 AS UNTIMELY, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

In March 2024, pro se Movant Quotez Jones[1] moved Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence ("§ 2255 Motion"). (ECF No. 2.) Respondent answered the Motion. (ECF No. 8.) Movant did not reply. For the reasons stated below, the Court **DENIES** and **DISMISSES** the § 2255 Motion as untimely.

## BACKGROUND

In March 2022, Movant pleaded guilty to ten counts of Hobbs Act robbery and to four counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence. (*See* No. 2:21-cr-20062-TLP-1, ECF No. 70 at PageID 135; *see also* ECF No. 108 at PageID 428.) In the plea agreement, the Parties agreed that the Government would recommend that

[1] The Bureau of Prisons' inmate locator reflects that Jones is currently incarcerated at the Federal Correctional Institution McDowell in Welch, West Virginia ("FCI McDowell"). The Court **DIRECTS** the Clerk to modify the docket to reflect that Jones's current mailing address is FCI McDowell, Federal Correctional Institution, P.O. Box 1009, Welch, WV 24801.

Movant "be sentenced to 360 months (30 years) of imprisonment, and that the Court should order the federal sentence to run concurrently with any anticipated term of imprisonment that may arise in state court based on the same robberies at issue in this action." (No. 2:21-cr-20062-TLP-1, ECF No. 70 at PageID 135–36.)

About three months later, the Court accepted the plea agreement and sentenced Movant to a total term of 360 months' incarceration. (No. 2:21-cr-20062-TLP-1, ECF No. 108 at PageID 430–31.) The Court also ordered that the sentences imposed for the Hobbs Act robberies (24 months) be run concurrently with "Shelby County Criminal Court Case Nos. 20-03369, 20-03370 & 20-03371." (*Id.*) Movant did not appeal his sentence.

The Court received Movant's § 2255 Motion on March 18, 2024. (ECF No. 2.) Movant contends that he received ineffective assistance during the plea negotiation stage. (*Id.* at PageID 1–2.) He alleges that counsel told him to "just say yes sir" in response to the Court's questions during the change of plea hearing. (*Id.* at PageID 2.) Movant argues that counsel never explained the Sentencing Guidelines to him, and that if counsel had explained those Guidelines, he "would have known better then to sign for 360 months." (*Id.*) Movant also objects to the "stacking" of his sentences for the § 924(c) convictions. (*Id.* at PageID 2–3.) As relief, Movant asks for a sentence reduction. (*Id.* at PageID 4.) The Government asserts that Movant's § 2255 Motion is untimely and lacks merit. (ECF No. 8.)

**LEGAL STANDARDS**

Federal inmates may seek habeas relief in federal court under 28 U.S.C. § 2255(a). That subsection says:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

> the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation modified). The movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## ANALYSIS

### I. The Court Denies Movant's § 2255 Motion

A one-year statute of limitations applies to motions brought under 28 U.S.C. § 2255(f). And that period "shall run from the latest of" several dates, including "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Movant did not appeal his convictions and sentence to the Sixth Circuit. "[A] defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." *See* Fed. R. App. P. 4(b)(1). The Court entered judgment on July 18, 2022. (No. 2:21-cr-20062-TLP-1, ECF No. 108.) If a movant does not file a direct appeal, the judgment of conviction becomes final when the time for filing a notice of appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Because Movant did not appeal, his judgment of conviction became final on Monday, August 1, 2022.

Usually, "[u]nder the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d

517, 521 (6th Cir. 2002). Movant has not provided the date on which he gave his § 2255 Motion to prison officials for mailing. A prisoner can establish timely filing under the mailbox rule by providing other evidence, such as a postmark or date-stamp, indicating timely filing. *See United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016).

The envelope in which Movant mailed his § 2255 Motion is postmarked March 12, 2024. (ECF No. 2-1.) The Court finds therefore that Movant mailed his § 2255 Motion on that date. Because Movant mailed his § 2255 Motion over 18 months after his judgment of conviction became final, his § 2255 Motion is untimely under § 2255(f)(1).

Movant provides no explanation for waiting beyond the limitations period to file the § 2255 Motion. Nor is Movant entitled to equitable tolling of the limitations period. "The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (citation modified). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Id.* at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.*

A habeas movant is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Movant here advanced no argument in support of equitable tolling.

For these reasons, Movant's § 2255 Motion is **DENIED and DISMISSED WITH PREJUDICE** as untimely.[2]

## II. The Court Denies a Certificate of Appealability, Certifies That an Appeal Would Not Be Taken in Good Faith, and Denies Leave to Proceed in Forma Pauperis

Section 2253 requires the Court to evaluate the appealability of its decision to deny a § 2255 motion, and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). No § 2255 movant may appeal without this certificate. *Id.* § 2253(c)(1).

A movant makes a "substantial showing" when he demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation modified). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*." *Id.* (emphasis in original)*; see also id.* ("Again, a certificate is improper if *any* outcome-determinative issue is not reasonably debatable." (emphasis in original)).

As the Court explained, there is no question that Movant's § 2255 Motion is untimely. Because he failed to make the required showing, the Court **DENIES** a COA.

[2] Because the Court has determined that Movant's § 2255 Motion is untimely, the Court need not address Respondent's suggestion that the Court deny the § 2255 Motion on the merits.

The filing fee provisions of the Prison Litigation Reform Act of 1995 do not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997); *see* 28 U.S.C. § 1915(a)–(b). Rather, to appeal in forma pauperis in a § 2255 case and thereby avoid the required appellate filing fee, a prisoner must qualify for pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file in the district court a motion and a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must move to proceed in forma pauperis in the appellate court. *See id.* at 24(a)(3)–(5).

In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal would not be taken in good faith. The Court also **DENIES** leave to appeal in forma pauperis.[3]

**SO ORDERED**, this 7th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

[3] If Movant files a notice of appeal, he must also pay the full $605.00 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within thirty days.